Richard Bruce POTTER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17148.

Court of Criminal Appeals of Oklahoma.

April 30, 1973.

Frasier & Frasier, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Raymond Naifeh, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Richard Bruce Potter, hereinafter referred to as defendant, was convicted in the District Court of Tulsa County, Case No. CRF 71–207, of selling and delivering an 8mm motion picture film entitled "Hotel," said motion picture showing persons engaged in the acts of sexual intercourse, in violation of 21 O.S.1971, § 1040.51. Punishment was fixed at two years imprisonment and a fine of $250.00. Judgment and sentence was imposed on June 7, 1971, and this appeal perfected therefrom. Judgment and sentence affirmed.

Oklahoma has made it a felony to buy, sell, or otherwise traffic in any picture or moving picture of any person in the act of sexual intercourse or unnatural copulation with certain exceptions. Having been convicted of a violation of this act, the defendant in this appeal challenges the constitutionality of the statute. Defendant asserts that the statute contains an unconstitutional delegation of legislative authority, and furthermore, attempts to circumvent the constitutional test for determining obscenity.

Title 21 O.S., 1971, § 1040.51 provides as follows:

"Any person who knowingly buys, sells, barters, traffics in, or causes to be delivered or transported in Oklahoma, any picture, moving picture, series of pictures, drawing, diagram or photograph of any person or animal or caricature thereof in an act or acts of sexual intercourse or unnatural copulation shall be deemed guilty of a felony, and shall be punished by a fine of not to exceed Twenty-five Thousand Dollars ($25,000.-00), or by imprisonment for not to exceed fifteen (15) years, or by both such fine and imprisonment. Provided, that nothing contained herein shall prohibit the use of any of the above mentioned items pursuant to medical prescription by a duly licensed physician in the State of Oklahoma, or in recognized schools of medicine or veterinary science for educational purposes. The provisions of this Act shall not apply to any motion pictures produced or manufactured as commercial motion pictures which (1) have the seal under the Production Code of the Motion Picture Association of America, Inc.; or (2) are legally imported from foreign countries into the United States and have been passed by a Customs Office of the United States Government at any port of entry."

Appellant's contention that the statute includes an unconstitutional delegation of legislative authority, attacks the proviso excepting motion pictures which have the seal of the Production Code of the Motion Picture Association of America, Inc., or those legally imported into the United States and passed by a Customs Office of the United States Government. Defendant argues constitutional infirmity in that the statute fails to set forth a standard prescribing guidelines or rules to be followed by the Motion Picture Association or the United States Custom Office for determining which motion pictures will be exempted from criminal prosecution.

It is fundamental that the legislature may not delegate its power to make laws, although it may vest certain administrative functions in other bodies where it declares the policy and fixes the legal principles to govern that body in administering legislative enactments. See Gibson Products Company v. Murphy, 186 Okl. 714, 100

P.2d 453 (1940). The general rule has become fixed that the legislature may not delegate legislative functions to private persons. Spitcaufsky v. Hatten, 353 Mo. 94, 182 S.W.2d 86, 160 A.L.R. 990. Ashmore v. Greater Greenville Sewer Dist., 211 S.C. 77, 44 S.E.2d 88, 173 A.L.R. 397. Attempted delegation of legislative powers to private persons is repugnant to the due process requirement where it permits arbitrary exercise of powers by such individuals and therefore violates the constitutional requirement of reasonableness. 16 Am. Jur.2d Constitutional Law, § 249. Washington v. Roberge, 278 U.S. 116, 49 S.Ct. 50, 73 L.Ed. 210, 86 A.L.R. 654.

In this vein it has been held that an Oklahoma act which fixed prices binding on non-signatures was "an unconstitutional exercise of the legislative power in that it delegates to private persons the right to prescribe a rule governing conduct for the future which is binding upon those who do not consent; it fails to provide any standard or condition as to the necessity of the act, provides for no hearing or safeguards, and is not subject to review." American Home Products Corporation v. Homsey, Okl., 361 P.2d 297, 298 (1961).

The proviso exempting motion pictures which have the seal of the Motion Picture Association, or which have passed a United States Customs Office, is a grant of power unfettered by guides, restrictions, or standards. Section 1040.51 provides no rules or standards to govern the association or customs office, provides for no hearings, and no review procedure. Neither the association nor the customs office are agents of the State of Oklahoma. If it is within the legislative power to prohibit the trafficking in pictures of sexual intercourse or unnatural copulation, a power unchallenged in this proceeding, the legislature may not delegate such power to a privately controlled out of state association, or body, wholly outside the jurisdiction of the state, without establishing some standards for guidance.

█ █ In that this portion of this statute purports to delegate to the association and the customs office power to determine what motion pictures may be seen in Oklahoma, it is invalid for want of narrowly drawn, reasonable and definite standards. Motion pictures are, of course, protected by the First Amendment. Burstyn v. Wilson, 343 U.S. 495, 72 S.Ct. 777, 96 L.Ed. 1092 (1952). Thus, in considering legislation attempting to censor and require prior restraint of motion pictures, the "precision of regulation must be the touchstone." N. A. A. C. P. v. Button, 371 U.S. 415, 438, 83 S.Ct. 328, 340, 9 L.Ed.2d 405 (1963). The United States Supreme Court in Interstate Circuit, Inc. v. Dallas, 390 U.S. 676, 88 S. Ct. 1298, 20 L.Ed.2d 225 (1968), was presented with an attack on a municipal ordinance providing for classification of motion pictures by a review board as suitable for young persons. Since the classification of films depended upon the understanding of individual censors as to what was suitable, the court found the "absence of narrowly drawn, reasonable and definite standards for the officials to follow" which was fatal to the ordinance. The "restrictions imposed cannot be so vague as to set 'the censor . . . adrift upon a boundless sea . . .' [343 U.S.] at 504, 72 S.Ct. at 782. In short, as Justice Frankfurter said, 'legislation must not be so vague, the language so loose, as to leave to those who have to apply it too wide a discretion. . . .'" 390 U.S. at 684, 88 S.Ct. at 1303.

█ It is readily apparent that this portion of Section 1040.51 allows the association and the customs office a free hand in deciding what motion pictures may be distributed in Oklahoma. Not only is there a complete absence of standards to guide in this function, but there is no review from their decision, and both bodies operate wholly outside this State's jurisdiction. Accordingly, we conclude that this provision of Section 1040.51, exempting from its prohibition motion pictures approved by the Motion Picture Association of America, Inc. and the United States Customs Office, is an unconstitutional delegation of legislative authority, absent the necessary

narrowly drawn, reasonable and definite standards for the officials to follows. However, we are of the opinion that this constitutionally defective provision of Section 1040.51 can be declared null and void without striking down the entire statute. We are of the opinion that the legislative intent and purpose expressed in Section 1040.51 would not be destroyed by voiding only that portion of the statute which exempts motion pictures having the seal of the Motion Picture Association of America or the United States Customs Office.

We find defendant's additional contention that Section 1040.51 is an attempt to circumvent the constitutional test for obscenity to be unconvincing and lacking in persuasion or authority.

We therefore conclude that the proviso excluding motion pictures approved by the Motion Picture Association of America or United States Customs Office is a nullity without effect; but that the exclusion of this portion of the statute does not render the balance of Section 1040.51 inoperative. Since defendant's conviction in no way concerned the invalid portion of Section 1040.51, the judgment and sentence is hereby affirmed.

BLISS, P. J., and BUSSEY, J., concur.