The STATE of Oklahoma, Appellant,

v.

Clyde BROWN a/k/a Hershel Leon Eaton, Appellee.

No. O-77-537.

Court of Criminal Appeals of Oklahoma.

March 28, 1978.

David Young, Dist. Atty., Karen Funk, Asst. Dist. Atty., for appellant.

No appearance for appellee.

## OPINION

BUSSEY, Presiding Judge:

This is an appeal brought by the State of Oklahoma, under the provisions of 22 O.S. Supp.1975, § 1053.1, from an Order of the District Court, Creek County, sustaining a Motion to Dismiss in Case No. CRF–76–9, wherein Clyde Brown a/k/a Hershel Leon Eaton, hereinafter referred to as defendant, was charged with Attempting to Obtain a Controlled Drug by Forged Prescription.

A preliminary hearing was held on March 15, 1976, at which time defendant was bound over to stand trial on said charge. The trial court subsequently sustained defendant's Motion to Dismiss, which raised the constitutionality of the Oklahoma State Board of Pharmacy's action which placed the drug Methaqualone in Schedule II of the Uniform Controlled Dangerous Substances Act, pursuant to the provisions of 63 O.S.1971, § 2–201 B. In sustaining the Motion, the trial court stated:

".  .  .  It's an illegal delegation of authority that by the Legislature to create a felony without the necessary guidelines to allow an agency to do so." [sic]

We must disagree with the trial court's findings. This Court has previously recognized that while the Legislature may not delegate its constitutional power to enact laws, the Legislature may vest certain administrative functions in other bodies where it declares the policy and fixes the legal principles to govern the body in administering the functions. See *Potter v. State*, Okl. Cr., 509 P.2d 933 (1973); *State v. Parham,* Okl., 412 P.2d 142 (1966); and *Jones v. State*, 95 Okl.Cr. 323, 245 P.2d 756 (1952). In *Jones v. State*, supra, we stated in paragraphs one and two of the Syllabus:

"1.  The power to determine the policy of the state is primarily legislative and cannot be delegated, but the legislature may delegate the power to make rules of subordinate character for the purpose of carrying out that policy and apply them to varying conditions; and though such power partakes of legislative character, it is in its dominant aspect administrative and delegable.

"2.  So long as a policy is laid down and a standard established by a statute, no unconstitutional delegation of legislative power is involved in leaving to selected instrumentalities the making of subordinate rules within prescribed limits, and the determination of facts to which the policy as declared by the legislature is to apply."

Upon examining the provisions of 63 O.S. 1971, § 2–201, we are of the opinion that the Legislature established an ascertainable policy and standards to guide the Board of Pharmacy to classify new products determined to have a potential for abuse as controlled dangerous substances. The Act

provides for notice of hearings and further sets forth the standards to be followed as follows:

"1. Its actual or relative potential for abuse;

"2. Scientific evidence of its pharmacological effect, if known;

"3. State of current scientific knowledge regarding the substance;

"4. Its history and current pattern of abuse;

"5. The scope, duration, and significance of abuse;

"6. What, if any, risk there is to the public health;

"7. Its psychic or physiological dependence liability; and

"8. Whether the substance is an immediate precursor or principal compound of a substance already controlled under this article."

We are of the opinion that these standards are sufficiently specific to set forth the legislative policy and properly limit the Board of Pharmacy's discretion in classifying new products as controlled dangerous substances.

The Order sustaining the Motion to Dismiss is hereby VACATED and the cause REMANDED to the District Court, Creek County, for further proceedings.

CORNISH and BRETT, JJ., concur.