In your opinion request letter of January 11, 1979, you asked, in effect, the following question: "Are the Oklahoma State Regents for Higher Education legally authorized to allot allocated funds to state institutions of higher education under an accounting classification by object rather than an accounting classification by function? In the course of your letter you also inquired, in effect, whether individual institutions are required to conform their allotment requests to the accounting classification adopted by the Regents. The answer to this latter inquiry should be apparent from the answer to the principal question. If the Regents are performing in conformance with their constitutional and statutory duties, member institutions of the State System of Higher Education must comply. The Board of Regents for Higher Education (Regents) is a constitutional agency charged with responsibility to act as the "coordinating board of control for all state institutions of higher education." Article XIII-A, Section 2, Okl. Const. The Regents have been given by the People of the State of Oklahoma the specific power to "recommend to the State Legislature the budget allocation to each institution". Article XIII-A, Section 2, Okl. Const. Furthermore, with respect to the fiscal affairs of the State System of Higher Education, Article XIII-A, Section 3, Okl. Const. provides: "The appropriations made by the Legislature for all such institutions shall be made in consolidated form without reference to any particular institution and the Board of Regents herein created shall allocate to each institution according to its needs and functions." It has been specifically held by prior opinion of the Attorney General that when the People of the State of Oklahoma delegated to the Board of Regents the power to allocate funds for member institutions, the delegation included the power to distribute, assign, and allot the funds so allocated. A.G. Opinion No. 67-442. The methodology employed by the Regents in the implementation of their powers to allocate and allot is subject to reasonable regulation on the part of the Legislature. In the vitalizing legislation enacted by the Legislature, certain standards were established by which the Regents were to be guided in the process of allocating and allotting funds to member institutions. 62 O.S. 1971 41.14 [62-41.14]. Once having received the Legislature's lump sum appropriation for higher education, 62 O.S. 41.14 [62-41.14] sets forth the following language as to method of proceeding: "The Board of Regents shall allocate to each institution under its control from the consolidated, or lump sum appropriation made by the legislature, an amount sufficient to meet the needs and functions of each institution for the entire year as is now provided by law, or may hereafter be provided by law. The amount allocated to each institution for each fiscal year in accordance with Article XIII-A., Okl. Const., shall be made in a lump sum without regard to uniform budget or accounting classifications, but shall not be available for expenditure until subsequently allotted by the Regents in accordance with uniform budget and accounting classifications recommended by the National Committee on Standard Reports." Thus, the Regents allocate without regard to uniform budget or accounting classification a lump sum of the general appropriation to each member institution for the satisfaction of each institution's "needs and functions" for the upcoming fiscal year. However, the funds allocated may not be expended or encumbered until they are allotted by the Regents in conformance with a certain specified uniform budget and system of accounting classification. 62 O.S. 41.14 [62-41.14], thereafter, continues with language even more specifically referenced to the allotment process. "At least thirty (30) days prior to the beginning of each fiscal year, each of the constituent institutions shall file with the Regents its request for appropriation allotments for each of the purposes for which expenditures are to be made. Such requests shall be broken down to conform to the uniform budget or accounting classifications recommended by the National Committee on Standard Reports. Each institution's request for appropriation allotment shall show the amount required to finance each item of the request for the entire year and for each quarter or each six month period within the fiscal year, as required by the budget director. The Regents, or their designated official or employee who has authority to approve itemized allotment requests, shall consider the allotment request for the purpose of making a determination of: (1) that the current financial requirements of the institution concerned justified the allotment to be made; (2) that the accounting classification is sufficient to reflect the purpose for which expenditures are to be made and that such classification is in accordance with the budget classifications adopted by the Budget Director and the Regents, which shall conform as nearly as possible to the account classification recommended by the National Committee on Standard Reports for Institutions of Higher Education; (3) that the realization of estimated revenues determined by the Budget Director is sufficient to allow the commitment to be made. In allotting appropriations and other funds, and approving subsequent allotments which may be required by each institution, the Regents shall follow the same general procedure set forth in this Act for other agencies of the State not under the control of said Regents, except as otherwise provided in this section. All forms and account classifications shall be mutually agreed upon by the Budget Director and the State Regents." Therefore, the process of allotting the lump sum allocation to each institution is implemented, pursuant to 62 O.S. 41.14 [62-41.14], in three steps. First is the reporting phase. The recipient institution submits an allocation request broken down into account classifications. The account classifications to be used are incorporated in Section 41.14 by reference to a publication entitled National Committee on Standard Reports for Institutions of Higher Education. Second, the allotment requests are reviewed by the Regents to determine whether (1) the allotments are justified by the current financial needs of the institution, (2) the account classification employed conforms to the standards required by Section 41.14 and National Committee on Standard Reports, and (3) revenues are sufficient to cover the proposed expenditures. Finally, a portion of the funds held for the requesting institution under its allocation in the State Treasury is transferred from a restricted general institutional account to accounts with the State Treasurer conforming to an approved accounting classification. The funds are thereafter available for expenditure by the requesting institution. Your opinion request seeks to determine whether it is permissible for the Regents in the course of complying with the provisions of Section 41.14 relating to "allotment requests" and the making of the actual allotment, to do so on the basis of an object accounting classification as opposed to a function accounting classification. For a number of years the Regents have required allotment requests to delineate the proposed expenditure of funds to be allotted on a form reflective of both functional and object account classification. In the past, actual allotment of funds was made to the institution's account with the State Treasurer quarterly, the accounts with the State Treasurer being designated and operated on the basis of functional accounting classifications contained in the approved allotment request. In the course of their meeting on October 23, 1978, the Regents approved a resolution whereby, in the future, funds were to be allotted to accounts with the State Treasurer for expenditure on the basis of object account classifications contained in the approved allotment request. The question arises, from where do the Regents derive the accounting classifications employed for the purposes of prescribing the allotment request forms and the final allotment accounts with the State Treasurer? As previously noted, 62 O.S. 41.14 [62-41.14] incorporates by reference accounting classification recommended for use by institutions of higher education in the publication entitled National Committee on Standard Reports for Institutions of Higher Education. Additionally, we should not lose track of the fact that 62 O.S. 41.14 [62-41.14] is but one part of the Budget Law of 1947, 62 O.S. 41.1 [62-41.1] — 62 O.S. 41.38 [62-41.38] (1971), by which the Legislature formulated the fiscal controls necessary to fully implement the provisions of Article X, Section 23, Okl. Const., more commonly known as the Budget Balancing Amendment of 1941. The allocation and allotment prescribed for institutions of higher education is not substantially different from the allocation and allotment process required for all state offices and agencies. There are two primary points of departure with reference to institutions of higher education. First, the Oklahoma State Regents for Higher Education were substituted for the Budget Director (State Director of Finance) as the allocating and allotting agency. Second, while appropriations and allocations to state agencies are allotted on the "Line Item method" only, 62 O.S. 41.9 [62-41.9] (1971), institutions of higher education were permitted to request allotments under accounting classifications recommended by The National Committee on Standard Reports. One of these account classifications is functional account classification and another is object account classification. Object account classification is substantially synonymous with "Line Item method" used to allot funds under 62 O.S. 41.9 [62-41.9]. The Regents, as previously stated, have for many years allotted funds to requesting institutions on the basis of functional account classification. The only lawful justification for this practice as opposed to allotment by "Line Item method" is to be found in the 62 O.S. 41.14 [62-41.14] reference to the National Committee on Standard Reports. This document is out of print and has been entirely superseded by a new work, College and University Business Administration Handbook, Third Edition (1974) first published under the auspices of the National Association of College and University Business Officers in 1955. While there is no question here as to the propriety of the Legislature's adoption of the National Committee on Standard Reports recommended account classifications by reference in 62 O.S. 41.14 [62-41.14], it is also apparent that except for the "Line Item method" no other account classifications were approved for use in the allotment process. It would be entirely improper to employ for the purpose of establishing uniform allotment account classifications, any system recommended by a publication such as College and University Business Administration Handbook. There is no direct reference to College and Business Administration Handbook in the statute and no language indirectly suggesting that any successor document to the National Committee on Standard Reports would suffice to establish the accounting classification system to be used under 62 O.S. 41.14 [62-41.14]. Even if support could be found in 62 O.S. 41.14 [62-41.14] for the use of a successor publication to the National Committee on Standard Reports, the language would be an unconstitutional delegation of legislative authority to an unnamed private group. See Gibson Product Co. v. Murphy, 186 Okl. 714, 100 P.2d 453, (1940); Potter v. State, Okl. Cr., 509 P.2d 933 (1973). 62 O.S. 41.14 [62-41.14] can be reasonably read to permit only two systems of accounting classification, that incorporated into the Act by reference to the National Committee on Standard Reports, and that incorporated into the act by 62 O.S. 41.9 [62-41.9] (1971). National Committee on Standard Reports is no longer in print, officially superseded and entirely unavailable for examination to ascertain exactly what account classifications are recommended. The passage of time and subsequent events have rendered nonexistent the very standard incorporated by the Legislature into 62 O.S. 41.14 [62-41.14] as a guide for administering the Section's legislative mandate. Therefore, the only legislative standard and guideline surviving under which the Regents may operate in the administration of the allotment process is the "Line Item method" specified in 62 O.S. 41.9 [62-41.9]. The Regents possess inherent authority as the "coordinating board of control" in the area of fiscal affairs to require reporting from requesting institutions on whatever system of account classification is necessary to fulfill its constitutional and statutory duties. However, the Regents no longer have the discretion to allot funds to requesting institutions of higher education on the basis of any system of account classification other than-the "Line Item method;' (object classification) required for all other state agencies. Therefore, it is the opinion of the Attorney General that your question be answered in the affirmative. The Oklahoma Regents for Higher Education are not only legally authorized to allot allocated funds to state institutions of higher education under an account classification system by object (Line Item method), they are required by law to employ the Line Item method exclusively when allotting funds to the operating accounts of institutions of higher education with the State Treasurer. (JOHN F. PERCIVAL) (ksg)